

FILED
APR - 6 2021
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

(Chief) Col. michael S. owl Feather - Gorbey

_____

*Your full name*

**FEDERAL CIVIL RIGHTS
COMPLAINT
(*BIVENS* ACTION)**

v.

① Smith   Unit manager

② morris  Unit Counselor

③ Rich  Assistant warden programs

④ young  warden ⑤ Rodriguez, Captain , ⑥ swagger   Commissary supervisor
*Enter above the full name of defendant(s) in this action*   ⑦ DR. Sadal FBop Contract Doctor.

Civil Action No.: 5:21-CV-00209
*(To be assigned by the Clerk of Court)*

under §1915(g) Imminent danger

## I.   JURISDICTION

This is a civil action brought pursuant to **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).** The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

## II.   PARTIES

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

A.   Name of Plaintiff: owl Feather-Gorbey  Inmate No.: Fed.33405-013   D.C. Doc 317611
Address: FCT Beckley WVa. Po Box 350. 1600
industrial Park Road. Beaver. WVa. 25813

*In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided.*

Attachment A

B.    Name of Defendant: _Smith_
      Position: _Unit Manager   Poplar Unit_
      Place of Employment: _FCI Beckley_
      Address: _Po Box 1280, 1600, Industrial Park Road_
      _Beaver, W.Va. 25813_

      Was this Defendant acting under the authority or color of federal state
      law at the time these claims occurred?    ☑ Yes        ☐ No

      If your answer is "YES," briefly explain: _F.Bop Unit manager_
      _FCI Beckley_

B.1   Name of Defendant: _Morris_
      Position: _Unit Counselor  Poplar Unit_
      Place of Employment: _FCI Beckley W.Va._
      Address: _Po Box 1280, 1600 Industrial Park Road_
      _Beaver, W.Va. 25813_

      Was this Defendant acting under the authority or color of federal state
      law at the time these claims occurred?    ☑ Yes        ☐ No

      If your answer is "YES," briefly explain: _F.Bop Poplar Unit_
      _Counselor FCI Beckley_

B.2   Name of Defendant: _Rich_
      Position: _Assistant Warden_
      Place of Employment: _FCI Beckley_
      Address: _Po Box 350, 1600 Industrial Park Road_
      _FCI Beckley W.Va._
      Was this Defendant acting under the authority or color of federal state
      law at the time these claims occurred?    ☑ Yes        ☐ No

**Attachment A**

If your answer is "YES," briefly explain: _FBop FCI Beckley_
_Assistant Warden Programs - over unit team_

B.3    Name of Defendant: _Young_
Position: _Warden_
Place of Employment: _FCI Beckley_
Address: _PO Box 1280, 1600 Industrial Park Road_
_Beaver, WVa. 25813_

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?    ☑ Yes        ☐ No

If your answer is "YES," briefly explain: _FCI Beckley WVa._
_Warden F.Bop._

B.4    Name of Defendant: _Unknown Named_
Position: _FCI Beckley Commissary supervisor_
Place of Employment: _FCI Beckley_
Address: _PO Box 1280, 1600 Industrial Park Road._
_Beaver, WVa._

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?    ☑ Yes        ☐ No

If your answer is "YES," briefly explain: _FBop FCI Beckley_
_Commissary staff._

**Attachment A**

B.5    Name of Defendant: Rodriguez
Position: Captain
Place of Employment: Foi Beckley
Address: Po Box 1280, 1600 industrial Park Road
Beaver. WVa. 25813

Was this Defendant acting under the authority or color of federal state
law at the time these claims occurred?    ☑ Yes    ☐ No

If your answer is "YES," briefly explain: FBop Foi Beckley
Captain

## III.    PLACE OF PRESENT CONFINEMENT

Name of Prison/ Institution: F.C.I Beckley WVa.

A.    Is this where the events concerning your complaint took place?
☑ Yes    ☐ No

If you answered "NO," where did the events occur?
N-A.

B.    Is there a prisoner grievance procedure in the institution
where the events occurred?    ☑ Yes    ☐ No

C.    Did you file a grievance concerning the facts relating to this complaint in the
prisoner grievance procedure?
☑ Yes    ☐ No

D.    If your answer is "NO," explain why not: _____

E.    If your answer is "YES," identify the administrative grievance procedure
number(s) in which the claims raised in this complaint were addressed

Attachment A

and state the result at level one, level two, and level three. **ATTACH GRIEVANCES AND RESPONSES:**

LEVEL 1 _Bp8 Informal Complaints impeded._

LEVEL 2 _Bp9 sensetive Complaints to Mid-Atl Region._

LEVEL 3 _____

IV.   PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?   ☑ Yes   ☐ No

B.   If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

1.   Parties to this previous lawsuit:

Plaintiff(s): _Owl Feather-Gorbey_

Defendant(s): _Lt. Brown et.al._

2.   Court: _US Dist. Beckley WVa._
(If federal court, name the district; if state court, name the county)

3.   Case Number: _5:21-CV-91_

4.   Basic Claim Made/Issues Raised: _Imminent Dangers medical malpractice. Deliberate indifferance Threats & Retaliations. Denial of Access to Remedy Process & Courts. Exposure to Covid-19_

5.   Name of Judge(s) to whom case was assigned:

_____

6.   Disposition: _Pending_
(For example, was the case dismissed? Appealed? Pending?)

7.   Approximate date of filing lawsuit: _2021_

**Attachment A**

8.    Approximate date of disposition. Attach Copies: _Pending_

C.    Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?
&#9745; Yes    &#9744; No

D.    If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought.

I was 1st impeded any Grievance & US mail Process I then Filed local Remedies that got impeded I then Filed sensetive Complaints & Tort claims To the proper Regional offices

E.    Did you exhaust available administrative remedies?
&#9745; Yes    &#9744; No

F.    If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted.

I Have been impeded From Exhausting All FBop Administrative Remedies. Staff Don't Answer Complaints. Hold Responses until Times For Appeal Are Expired & Deny letterHeads To impede Exhaustion or simply Refuse To give Forms.

G.    If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.    Parties to previous lawsuit:

Attachment A

Plaintiff(s): _owlFeather-Gorbey_

Defendant(s): _multiple_

2.   Name and location of court and case number:

_multiple_

3.   Grounds for dismissal:   ☐ frivolous   ☐ malicious
☐ failure to state a claim upon which relief may be granted

4.   Approximate date of filing lawsuit: _multiple_

5.   Approximate date of disposition: _multiple_

## V.   STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the <u>facts</u> of your case.  Describe what <u>each</u> defendant did to violate your constitutional rights.  **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph. **UNRELATED CLAIMS MUST BE RAISED IN SEPARATE COMPLAINTS WITH ADDITIONAL FILING FEES.  NO MORE THAN FIVE (5)TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)***

CLAIM 1: _Imminent danger. Threat of serious Assault Physical injury or Death. by Exposing me to Hostile Foreign gang Rule over Native Americans At FCI Beckley W.Va. & Retaliation_

Supporting Facts: _I filed A suit Regarding this issue. see_

**Attachment A**

5:21-cv-91 in Fed. ct. Beckley & in Response on About 3-15-21 unit manager smith & counselor morris Had me moved in A cell 420 with A Foreign Guatamalan gang member posing A significant threat to my safety. While A-w Rich & warden young Allow - Encourage them to do it.

CLAIM 2: Denial of 1st, 5th & 14th Amendment Right To Access to the court & or FBOP Remedy Process while Forcing me to suffer 8th Amendment Rights Violations. ●●●.

Supporting Facts: while Exposing me to imminent Dangers & threats From Foreign gang Rules unit manager smith is Denying me indigent Legal postage & writing materials to impede my Access to court & Remedy Appeals while He & morris Deny me letter Heads For late Appeals & A-w Rich & warden young Dully Advised. Allow them to do so.

CLAIM 3: Discrimination & Violation of 1st, 14th Amendment Religious Native American Rights, which pose A significant Threat To Gorbey & other Native Americans At Fci Beckley, W.va.

Supporting Facts: FBop policy Designates Bandanas As Native American Religious Headwear. yet the Facility Commissary Has sold Bandanas multiple Non Native people & gang members whom the Captain Allows A security staff To Allow non Native inmates to ware Even gang members portraying themselves As Natives & posing A significant Threat to Gorbey & other Natives. see Continuance pages.

CLAIM 4: Denial of Proper - Timely glaucoma Treatment & medical malpractice by FBop Contract Doctor sadat Beckley W.va. Eye Center

Supporting Facts: On About 3-15-21 Gorbey was Carry To Beckley eye center. where Dr. sadat Recommended R-eye surgery by Laser. when Gorbey Question Dr. sadat About the possible Damages & side Effec clearly Asking About the glaucoma snuff-out-syndrome. Dr. sadat

**Attachment A**

Alege He Had never Herd of Any such syndrome & made Jokes about it while Continuing to Recommend the Treatment. When several other FBop Contract Doctors clear acknowledge A Threat of such snuff-out-syndrome see Continuance pages. & Exhibits 1-6 in support.

CLAIM 5: _____

_____

_____

_____

_____

Supporting Facts: _____

_____

_____

_____

## VI.   INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages.

① I suffer imminent Danger of Assault. serious Physical injury or Death. 8th Amendment.

② Any 1st, 5th, 8th & 14th Amendment Rights Are violated.

③ Damage to my Eyes & A Threat of Total Blindness while adverse Alternative meds Cause Damages to my Kidneys Liver & other body organs & Functions

④ Violation of 1st Amend. Religious Rights & Access To Court. 1st Amend. Retaliations

## VII.   RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

① $9,000,000.⁰⁰ cash. Nine million Dollars Cash.

② Injunction to stop Smith, morris, Rich or young or Any other Fct Beckley staff From Retaliating on me For Filing

③ To be provided Indigent Postage & Writing materials & Access To Remedy process including necessary letterHeads. & To courts

④ To be Kept safe & to not be Force into gang Rule. At Threat of serious Physical Assault or Death. & marijuana For my glaucoma.

⑤ I seek A cell in my unit To be Designated A Native American cell where I & other natives my Reside safely without gang Rule.

⑥ I seek injunction To stop Beckley Commissary For selling Bandanas To Non nati

Attachment A

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621. *To best of my knowledge.*

Executed at ___*Fci Beckley W.Va.*___ on ___*4-2-21*___.
              (Location)                           (Date)

*(chief) Col. michael s.owlFeather Gorhey*
Your Signature

<u>List of Defendants Continued.</u>

B.6   Name of Defendant: Mr. Swagger
      Position: Commissary Supervisor
      Place of Employment: Fci Beckley FBop.
      Address. PoBox 1280 Beckley W.Va. 25813


B.7.  Name of Defendant: Sadat
      Position: FBop Contract Doctor
      Place of Employment: Beckley Eye Center W.Va.
      Address: Unknown, FBop Staff Have Refuse To Provide.
      * Med. Surg. Eye Care, Inc. Beckley W.Va. *

## Continuance Pages To Bivens Action

Claim (1) Imminent Danger. Threat of serious Assault Physical Injury or Death by Exposing Gorbey to Hostile Foreign gang Rule over Native Americans At F.C.I. Beckley W.Va. & Retaliation

supporting Facts.

Gorbey Arrived At FCI Beckley & Was immediately subject to subhuman Conditions, Threats to safety & Denials of medical Treatment While Prison staff Deny Gorbey Access To Any Remedy Process. Commissaries & or Court. Forcing Him To suffer the Conditions Without Availability of Redress

Gorbey Was then move from Guarenteen to general Population & Force To suffer threatful gang Rule & Filed suit. While security, medical & Unit Team staff Retaliated Placing Gorbey in Even more Adverse Conditions.

Gorbey Amended His Complaint & the magistrate Judge found imminent Danger To Apply on several grounds granting Gorbey leave To Proceed 5:21-CV-91 & staff Have Furtherly Retaliated.

on About 3-15-21 Poplar Unit manager smith & Counselor Morris. under Direction of Hostile gang members Had Gorbey A D.C. state Prisoner & U.S. Citizen Native American, moved (Without 1st Consulting Gorbey or obtaining His Consent) To Cell 420 (Top bunk) With A Guatamalan gang member to Furtherly Place Gorbey under gang Rule Living in A cell claim to be own by them.

Forcing Gorbey A Native American to be subject to gang Rule. No Filing Remedy Complaints or Talking to staff without gang approval. To be on Call For Fights & Assaults or to suffer serious Assault or Death by gang members. Posing A significant threat to Gorbey's safety & Conserning in light of Gorbey's allegations in His Earlier suit 5:21-cr-91 Regarding gang Rules & staff Failing to keep Gorbey safe.

Tsosie vs. Garrett 409 App x 262 (2010)

Rodriguez vs. Sec'ty of Dept. of Corr. 508 F3d. 616-17 (11th Cir. 2007)

Prison officials must take Reasonable measures to keep inmates safe.

Farmer vs. Brennan. 511 U.S. 825, 114 Sct. 1970 (1994)

Where, it is Conserning When Gorbey Files suit Regarding Defendants Allowing Hostile gang Rule in Ways that Pose threats to Gorbey & other Native American's safety 5:21-cr-91 & yet in Response. Prison staff Retaliate & Colluding with those Hostile gang members move Gorbey into A Cell with one of their shot Callers. A Guatamalan gang member. Furtherly Forcing Gorbey under gang Rule At threat of Physical Assault or Death.

Where, while there Has been Hesitation by Courts to Expand Bivens Actions to 1st Amendment Retaliation claims. also Andrews 2017 WL. 7688266 * 4.-5. Earle supra — F3d at — 2021 WL. 896399 4-5.

Courts should NOT shut their eyes to 1st Amendment Retaliation claims that also violate the 14th

Amendment & Place Petitioner in 8th Amendment Dangers.

Williams vs. Benjamin 77 F3d. 756, 761 (4th cir. 1986) under the 8th amendment Prisoners are entitle to "Adequate Food, clothing, shelter, sanitation medical care & Personal safety."

Wolfish vs. Levi 573 F2d. 118, 125 (2nd cir. 1978)

Bell vs. Wolfish 441 US 520, 99 s.ct. 1861, 60 led. 2d 447 (1979)

Thus sentenced Prisoners are entitled to Reasonable Protection from Harm at the Hands of Fellow inmates & Prison officials under the 8th amendment.

Farmer vs. Brennan, 511 US 825 (1994)

Trop vs. Dulles 356 US. 86, 102 (1958)

Woodhous vs. CommonWealth of VA, 487 F2d 889, 890 (4th cir. 1973)

Therefore, clearly While Garbey is suing over Staff Placing Garbey in threat of Physical injury or Death by Allowing & Premoting gang Rule, & Defendants Retaliating for Garbey's suit Knowingly & Deliberately Move Him in a Cell with a Known Guatamalan gang member (shot Caller to boot!) clearly is staff being Retaliative Hostile & Deliberately indifferent to Garbey's safety. See. Pressly vs. Hutto 816 F2d. 977, 979 (4th cir. 1987) moore vs. Winebrenner 927 F2d. 1312, 1316 (4th cir. 1991) Stating that supervisory liability may be imposed Where prison supervisors (Both A-W Rich & Warden Young Named in 5:21-cv-91) obdurately Wantonly or with Deliberate indifference Fail to Address a Known pervasive Risk of Harm to an inmate's

Health or safety.

Gorbey Hereby states Facts that Pose A "substantial Risk of" serious Physical injury or Death From His Exposure to the challenged Conditions. Odom vs. South Carolina Dept. of Corr. 349 F.3d 765. 770 (4th Cir. 2003) see Also. Wilson vs. Seiter 501 U.S. at 298. 111 S.Ct. at 2321

In late February 2021 Gorbey Filed A Sensetive BP9 to the local Mid-Atl Region Regarding these threatful gang issues & suit in Federal Court & Has been Confronted & threaten in these Regards by Facility S&S under Direction of the A-W & Warden so it would Place Rich & young As Hard Press to claim they Had no idea of the Hostile gang Rule being Allow At FCI Beckley or that they Had no idea that Smith & Morris was Allowing & Forcing Gorbey to be Subject to it.

Claim (2) Denial of Gorbey's 1st, 5th & 14th Amendment Rights to Access to the Courts & or FiBCP Remedy Process While Forcing Gorbey to suffer 8th Amendment Rights Violations

Supporting Facts
In 5:21-cv-91 the Magistrate Judge Already Agree that Gorbey suffers 8th Amendment Violations & imminent Dangers Due to Negligent FCI Beckley Staff. yet. While this is ongoing Poplar unit Manager Smith & Counselor Morris Retaliate & try to impede Gorbey's 1st, 5th & 14th Amendment Rights to Access to Courts & Any FBCP Remedy Process

(to) Force Gorbey to suffer the 8th Amendment violations (without) Redress see.

Smith vs. City of Atl. City (3-22-2019) U.S. Dist. lexis 47892. The supreme ct. has Recognize that violations of 1st Amendment Rights Are irrepairable injuries Elrod, vs. Burnes 427 U.S. 347. 373, 96 S.Ct. 2673, 49 led. 2d. 547 (1976)

The loss of A 1st Amendment Freedom For Even A minimum Period of Time unquestionably Constitutes irrepairable injury.

Neb Press Ass'n vs. Stuart 423 US 1327, 1329. 96 S.Ct. 251. 46 led 2d. 237 (1975)

Any 1st Amendment infringment occurs with Each Passing Day is irrepairable.

(a) Denial of indigent Postage & writing materials.

FBop Policy Provides (P.S. 5265.14 Correspondance) That An inmate with $6.00 or less For A 30 Day Period of Time is indigent. & Entitle to Postage & writing materials. For Personal & legal Activities Gorbey Has met that Qualification since About 3-5-21 & yet F.C.I Beckley unit manager Smith & Counselor morris Retaliating For Gorbey's Filings Has Denied Gorbey indigent Postages & writing materials (to) impede Gorbey's Court Filings & Remedy Appeals. (to) Force Gorbey to suffer threats & imminent Dangers of 8th Amendment violations.

Smith 1st being Deliberately indifferant Argue He's been Employ by the FBop For 20 years & Gorbey must be (6 months) with no Funds To Qualify & yet When Gorbey Filed A BP8 on the issue. & Notified the A-W.

Rich & warden smith then agree Gorbey is indigent but Has since deliberately denied Gorbey legal postage & writing materials (to) impede His Access to Courts & Regional Appeals & counselor morris Falls Right In smiths Foot steps. While smith Destroy Gorbey's Bp8 informal complaint on the issue (to) impede Formal Filing. & on 4-2-21 Gorbey then submitted A 2nd Bp8. To No Avail As of yet.

Gorbey Has Already Notify the Administration by E-mail & Rich Responded For Gorbey to see Him At lunch mainline yet since then A-W Rich & warden young Have not been Available or Present At lunch mainline & other smart mouth officers Whom Are At mainline keep Telling Gorbey Rich & young Are Not Available to Answer questions. So Rich & young Are Dodging Gorbey While Allowing Smith & morris To Deny Gorbey indigent Postage & writing materials While subjecting Gorbey to threatful gang violence.

(b) Denial of Administrative Remedy Access.

smith & morris Destroy or Conveniently lose Gorbey's Bp8 informal Complaints & Bp9's which Also Are Turn in to & Controle by them. & then While most Regional Responses & issues Are Arriving with Time's For Appeal Already Expired by months Smith & morris Are Refusing to Comply with Directions From the Regional & Central office & Refuse to Provide Gorbey letter Heads to Allow late Filed appeals. All together & more, Denying Gorbey Proper - Timely or Any meaningful Access to the F.Bop Administrative Process While Forcing

Gorbey To suffer 14 & 8th Amendment Rights
violations & giving Cause For this & Gorbey's
Earlier Bivens Action As when Smith & morris
Deny Gorbey Remedy Access & A-W Rich & Warden
young Fail To Address issues Raised by E-mail. It
leaves Gorbey no other alternative means by
which To Remedy His Complaints see.
Iqbal 556 U.S. at 676. 129 S.ct. at 1948
1st Amendment claims Are Actionable under
Bivens Id.
wood vs. moss — US — 134 S.ct. 2056, 2067. 188 led.2d.
1039 (2014)
     Bivens Extends to 1st Amendment claims
Martin vs. Duffy 858 F.3d. 239 (4th crr. 6-1-2017)
     inmates Right To File Prison grievance Free From
Retaliation was clearly Established under the 1st
Amendment Atleast As Far back As 2010. (Citing)
Booker vs. S.C. Dept. of Corr. 855 F.3d. 533. 545
(4th crr. 4-28-2017)
     While Also We must Consider that in 5:20-cr-91
the magistrate Judge granted Gorbey's motion For
Sanctions on Defendants Retaliating & thus
Further Foreclosing on Any Alternative means
Gorbey may Have in which To Redress Retaliations
Earl. supra. — F3d at — 2021 WL. 896399 *5.
vega vs. United States 881 F.3d. 1146. 1154 (9th crr. 2018)
Reid vs. United States 2018 WL. 1588264 *2 (E.D. Cal 4-2-18)

     Therefore. Since Gorbey Has no Alternative
means For Proper-Timely Relief. Bivens must
be made Available For Him To Redress His issues.
In A Fast & Speedy manner. Especially in 8th

Amendment imminent Danger Related Cases see
Bruce, vs. samuels 136 S.ct 627 (2016)
28 USC §1915 (g) is Design to Provide Fast & speedy Avenue
To Bivens. 1983 & the F.T.C.A. For Relief., section 1915(g)
is only A gate way within which To proceed & is not A
Proper vehicle For Determining the merits of A suits
claims As are Remedial statutes such As Bivens. 1983 &
the F.T.C.A. see.
charis. vs. chappius 618 F.3d. 162. 169 (2nd Cir. 2010)
ciarpaglini. vs. saini 352 F3d 328. 331 (7th Cir 2003)

claim (3) Religious Discrimination & violation of Native 1st,
& 14th Amendment Rights which pose A significant
threat To Gorbey & other natives safety. At Fort
Beckley W.va.

supporting facts
FBoP Policy 5360-09 Religious Practice & Beliefs lists
Bandana's As Native American Religious HeadWear &
yet. Beckley Commissary supervisor Has Allow the
Commissary staff To sell Native Religious Bandanas
To Anyone. Resulting in many non-Native People
Possessing & wearing native Religious bandanas
Even gang members Discriminating on Gorbey &
His native Community while Placing them At threat
because Gorbey's Native Community is small. only
About 10 members. If non Native gang members
or other People wearing Native Bandanas do Anything
Disrespectful To other inmates Especially those in A
large group or gang & they Are misconstrued As A
native. it Could get Gorbey & His whole native
Community seriously Assaulted or kill As A Result.

in A Prison setting. Especially where so many Foreign Non English speaking gang members Reside.

Gorbey & His Native Community Have Complain to the Commissary staff. The chapple office & security staff & yet still multiple Non-Native people Are Allow to Possess & wear Native Religious Bandanas violating Gorbey's & other Native Religious Rights While Posing A significant threat to their safety see-

Elrod vs. Burnes 427 US. 347. 373. 96 S.ct. 2673. 49 led.2d 547 (1976) violations of 1st Amendment Rights

Young vs. Keohane (11-13-1992) 809 F.supp. 1185 Failure to Keep inmates safe. see Also.

Asemani vs. U.S. Citizenship & Immigration services 797 F.3d. 1069. 1074 (D.C. Cir. 2015)

**claim (4)**   Denial of Proper-timely glaucoma Treatment & medical Malpractice by F.Bop Contract Doctor Sadat. At Beckley W.va. Eye Center.

**Supporting Facts**

On About 3-15-21 Gorbey Was Taken by F.Bop Fci Beckley staff to Beckley Eye center Where Contract DR. Sadat After Examining Gorbey. Recommended R-eye laser surgery. & yet When Gorbey Question DR. Sadat About Possible side Effects or Damages including but Not limited to Snuff-out-syndromes. & yet. DR. Sadat made Jokes About Snuff & claim He Had Never Herd About Any Snuff-out-syndrome & Continue to Recommend He be Allow to Perform The laser Treatment Which F.Bop DR. Edwords Fci Beckley, submitted & Had Approve on About 3-16-21

Where on 5-27-20, 9-7-20, 10-2-20 & 12-15-20 ophthalmologist specialists of Pennsylvania contracted by the FBop explain that there is A snuff-out-syndrome & that Gorbey is in threat of it being glaucoma so Advanced that when treatment such as the laser-surgery is Applied its possible that the treatment could snuff-out (destroy) All Remaining good Retinal cells & Accelerate the outcome of Total Blindness & therefore qualifying As An imminent danger (Especially) where the DR performing the treatment claims He never herd of such syndrome. Liner vs. Fischer 11-cv-6711, 2012 U.S. Dist. lex. 95599. at *13 (S.D.N.Y 7-11-2012) see PA DR. Fassaro & olson. Defendants Causing Damage To Eyes & A threat of Total Blindness qualifies For 1915(g) Exception Pinder vs. McDowell 619 F. App'x 565, 566-67 (8th Cir. 2015) Ibrahim vs. District of Columbia 463. F.3d. 3.7. (DC.Cir.2006)

This places Gorbey in A Particular Compromising Possision As if Gorbey Refuses To Allow DR. Sadat to treat him the FBop being Hostile will terminate All of Gorbey's glaucoma treatment losing A clearly significant threat of Blinding Gorbey & if Gorbey lets the malpractice unqualified DR treat him it could Blind him Regardless & Even faster. All because the FBop Gorbey's Primary Care Provider is negligently & knowingly Contracting unqualified doctors while Both Are Denying Gorbey the best Possible Alternative glaucoma treatment being marijuana. but Rather Are Forcing Gorbey To undergo Adverse Alternative medications such As Eye Drops & Molovimide Pill Form meds that Destroy Gorbey's liver. Kidneys &

other body organs & Functions or laser surgeries that could blind Him being themselves imminent Dangers to Gorbey. When marijuana would Provide Him the Emergency Treatment needed & Have no such adverse consequences or side effects. & therefore the FBop is Placing Gorbey at threat simply because it Refuses to Allow Gorbey A medication (marijuana) He needs. See.

Estell vs. Gamble, 429 U.S. 97. 107 (1976)

loe, vs. Armistead 582 F.2d. 1291. 1295 (1978)

miller vs. Jack 2007 WL. 2050409 at *3 (N.D. W. va 2007) (citing) Gordon vs. leeke 574 F.2d. 1147. 1151 (4th Cir. 1978)

Every Day Gorbey goes without marijuana is causing Damages to His Eyes & A threat of total Blindness While Any & All other treatments are threats themselves. of Blindness & other serious medical Conditions.

## Relief sought

(1) I Demand $9.000.000:00 Nine million Dollars Cash.

(2) I seek Immediate Access to marijuana Treatment For my advanced glaucoma.

(3) I seek injunction to stop smith, morris, Rich. young or Any other FCi Beckley staff From Retaliating For my Filing Complaints on FBop staff misconducts.

(4) I seek to be Provided indigent Postage & writing materials Adequate to my legal & Remedy needs 5 Personal 1oz Postage stamps Per month & 10 legal 1oz Postage stamps, Per Week. 2 Tablets of lined Paper. 2 Ball Point INK Pens, 10 standard size mailing Envelopes & 2 large legal manilla Envelopes Per Week.

(5) I seek Proper & timely Access to the FBop Administrative

Remedy Process including but not limited to Timely & Adequate Forms upon Request & Letterheads To File untimely Appeals when Required or seen necessary by me.

(5) I seek A Cell in Poplar A upper & Atleast one in Every unit At FCI Beckley To be Designated As A native American only Cell so that gangs & other Hostile inmates Cannot Completely shut natives out our use cells to Force natives into gang Rule & so That natives will have A Cell To Reside Peacefully. To Program. work & Rehabilitate Themselves in Accordance with the intent of their sentence.

(7) I seek injunction To stop FCI Beckley Commissary From selling native Religious Bandanas to Non native People & For Those Already Sold To be Collected & For Beckley unit & Compound or Recreational security Staff To seize & Turn over to the chaplin office Any & All bandanas Worn or Found in Possession of Any inmate Not native or Religiously Approve To Possess & wear such bandanas.

(8) I seek To be kept safe & Free From gang Rule. & or Threats of Physical Assault, injury & or Death.

(9) I seek A Hearing necessary To Adequately Defend.

(Chief) Col. michael S. owl Feather-Gorbey
Monacan Nation
N.C. DOC 317611   Fed. 33405-013
FCI Beckley
PO Box 350
1600 industrial Park Road
Beaver. W.Va.
25813.

See Exhibits (1-6) in support.

Garvey vs. Smith ehar

*Commissary Not Even selling proper style of Bandana, selling Estoca gang member style as native Religious.*

## *Institutional Religious Head Wear Approved Items Guide*

 

**Muslim, Moorish Science Temple of America, Nation of Islam...**

 

**Kufi** - approved colors are either black or white

  

**Jewish...**

**Yarmulke / Kippa** - approved colors either black or white.

 

**Native American...**
**Bandana** - approval limited to these two styles and color combinations only.



**Tam** - approval limited

**Rastafarian...**
to this style and color combination only.



**Attachment 1**

Gorbey vs. Smith et al.

Religious Property

Maps   xxxiii

(chief) col. Michael S. Owl Feather - Gorbey
D.C. 317611  Fed. 33405 -013
Monacan Nation



13. Southeast

Exhibit (1)

*Gorbey vs. Smith et.al.*

Lien upon lands (USA) Native Ancestral Rights

1:16-MC-02492-UNA  U.S. Dist. Ct. D.C.

16-5372  U.S. Appeal D.C. Cir.

#157-0-32-7

| NOTICE TO CHECK RECIPIENT | | TREASURY-FINANCIAL MANAGEMENT SERVICE  TFS FORM 3090(Rev.) | | | |
|---|---|---|---|---|---|
| VENDOR NAME: MICHAEL S. OWL FEATHER-GORBEY | | VENDOR I.D. NUMBER: | | | |
| AGENCY NAME AND BILLING ADDRESS: | AOUSC ONE COLUMBUS CIRCLE, N.E. ROOM 5-300 WASHINGTON, D.C. 20544 | U.S. TREASURY REG. FINANCIAL CENTER: KANSAS CITY, MO | | | |
| | | CHECK NUMBER 4039-01556721 | CHECK AMOUNT $*******5*05 | | CHECK DATE 08-13-19 |
| REFUND CIVIL FILING FEE 1:18-CV-2754 FOR QUESTIONS, PLEASE CONTACT US DISTRICT COURT DISTRICT OF MARYLAND, FINANCE DEPT. 410-962-2613 | | | AGENCY SCHEDULE NUMBER 000081202CMCTC | | |
| | | | AGENCY TELEPHONE NUMBER 202-502-2384 | | |

PLEASE DIRECT ANY INQUIRIES CONCERNING THIS PAYMENT TO THE AGENCY AT THE ADDRESS (OR PHONE NUMBER) INDICATED ABOVE

Exhibit (a)



**U.S. Department of Justice**

Civil Division, Torts Branch
Federal Tort Claims Act Staff

_Post Office Box 888_
_Benjamin Franklin Station_
_Washington, D.C. 20044_

GKJ:CJMarvray:cjm
157-0-32-7

May 23, 2016

Mr. Michael S. Gorbey
Reg. No. 33405-013
USP Leavenworth
P.O. Box 1000
Leavenworth, KS 66048

     Re:  <u>Administrative Tort Claim of Michael S. Gorbey</u>

Dear Mr. Gorbey:

    This is in response to your administrative tort claim dated May 1, 2016, which you submitted to the Department of Justice (Department). The Department received the claim on May 10, 2016.

    Because your claim concerns an alleged tort involving the Bureau of Indian Affairs (BIA), a component of the Department of the Interior, I am forwarding it to that component. All further communication on this matter should be directed to the BIA at the address listed below.

    Very truly yours,

CHARLES J. MARVRAY
Legal Assistant
Civil Division, Torts Branch

cc:  Mr. Charles Wallace
     Attorney Advisor
     Division of General Law
     U.S. Department of the Interior
     1849 C Street, N.W.
     Mail Stop 6456
     Washington, D.C. 20240

_Exhibit (3)_

*Gorbey vs. Smith et al.*

# Bureau of Prisons
# Health Services
## Clinical Encounter - Administrative Note

| | | | | | |
|---|---|---|---|---|---|
| Inmate Name: | GORBEY, MICHAEL STEVEN | | | Reg #: | 33405-013 |
| Date of Birth: | 01/31/1970 | Sex: | M    Race:AMERICAN | Facility: | LEW |
| Note Date: | 05/27/2020 09:16 | Provider: | Edinger, Andrew MD/CD | Unit: | Z01 |

Review Note - Consultation Report Review encounter performed at Health Services.
**Administrative Notes:**

   **ADMINISTRATIVE NOTE   1**          **Provider:** Edinger, Andrew MD/CD

   Just prior to the ophthalmologist leaving the clinic, I had a conversation with him regarding Inmate Gorbey. I reviewed all of his past records with Dr. Fassero. After reviewing this additional information, Dr. Fassero feels that Inmate <u>Gorbey is at high risk for developing a condition known as "Snuff-out" syndrome</u>. This occurs when the glaucoma is so advanced that when you perform surgery for the glaucoma, you "snuff-out" the remaining, functioning retinal tissue. This results in accelerating the eventual outcome of blindness. With that in mind, he recommended two ophthalmologists who exclusively perform glaucoma surgery on these types of cases. I will attempt to coordinate his next appointment with one of those individuals. I fear that Inmate Gorbey's past actions regarding his eye care have profoundly contributed to this poor prognosis.

**Copay Required:** No          **Cosign Required:** No
**Telephone/Verbal Order:** No

Completed by Edinger, Andrew MD/CD on 05/27/2020 09:24

Exhibit (4)

*Gorbey vs. Smith et al*

**Patient:** GORBEY, MICHAEL
**Date of Birth:** Jan 31, 1970
**Gender:** Male
**Patient ID:** 6477756

 ZEISS

USP Lewisburg
33405-013

---

## OS | Single Field Analysis                    Central 24-2 Threshold Test

| | | |
|---|---|---|
| Fixation Monitor: | Gaze/Blind Spot | |
| Fixation Target: | Central | |
| Fixation Losses: | 0/17 | |
| False POS Errors: | 0% | |
| False NEG Errors: | 0% | |
| Test Duration: | 06:48 | |
| Fovea: | 40 dB | |

| | |
|---|---|
| Stimulus: | III, White |
| Background: | 31.5 asb |
| Strategy: | SITA Standard |
| Pupil Diameter: | |
| Visual Acuity: | |
| Rx: +3.25 DS | |

| | |
|---|---|
| Date: | Jul 07, 2020 |
| Time: | 11:58 AM |
| Age: | 50 |

```
              19  15   8  <0
          19  12  <0 | <0  <0  <0
      30  15  <0  <0 | <0  <0  <0  <0
      28  <0  <0  <0 | <0  <0  <0  <0  <0
30°  ─────────────────Δ───────────────── 30°         30°
      33  <0  33  32 | 26  <0   0  <0  <0
      30  28  <0  <0 | <0  <0   0  <0
          29  29  18 | 14  15  26
              29  30 | 28  29
```

**Total Deviation**
```
   -8 -12 -20 -30
-10 -17 -32 -32 -32 -31
  1 -15 -33 -34 -34 -33 -33 -31
 -2     -34 -35 -35 -34 -34 -32 -29
  2   1  -1  -7 -35 -32 -32 -29
  0  -4 -34 -34 -35 -34 -31 -31
 -1  -2 -14 -18 -16  -4
 -1   0  -2   0
```

**Pattern Deviation**
```
   -7 -12 -19 -29
 -9 -16 -31 -31 -31 -30
  1 -15 -32 -33 -33 -33 -32 -30
 -1     -33 -34 -34 -34 -33 -31 -29
  3   2   0  -6 -34 -31 -31 -29
  1  -3 -33 -34 -34 -33 -30 -31
  0  -1 -13 -17 -15  -3
  0   1  -1   0
```

| | |
|---|---|
| GHT: | Outside Normal Limits |
| VFI: | 35% |
| MD24-2: | -21.95 dB P < 0.5% |
| PSD24-2: | 15.15 dB P < 0.5% |

:: P < 5%
⬚ P < 2%
⬚ P < 1%
■ P < 0.5%

**Comments**
7/7/2020 11:58 AM Patient had good fixation during the test.

© 2019 Carl Zeiss Meditec, Inc. All rights reserved.

HFA 3 860-17894/1.5.2.431          Version 1.5.2.431          Created: 7/7/2020 12:06:56 PM by Administrator          Page 1 of 1 (5)

 ZEISS

EXHIBIT (22)

*Gorbey vs. Smith et al*

**Patient: GORBEY, MICHAEL**
Date of Birth: Jan 31, 1970
Gender: Male
Patient ID: 6477758

**ZEISS**

**OD** | Single Field Analysis | Central 24-2 Threshold Test

| | | | |
|---|---|---|---|
| Fixation Monitor: | Gaze/Blind Spot | Stimulus: | III, White | Date: | Jul 07, 2020 |
| Fixation Target: | Central | Background: | 31.5 asb | Time: | 11:48 AM |
| Fixation Losses: | 0/20 | Strategy: | SITA Standard | Age: | 50 |
| False POS Errors: | 0% | Pupil Diameter: | | | |
| False NEG Errors: | 6% | Visual Acuity: | | | |
| Test Duration: | 08:01 | Rx: +3.00 DS | | | |
| Fovea: | 40 dB | | | | |





**Total Deviation**

```
        -11  0  -8  -3
    -16  -7 -13 -15 -11 -4
 -21 -14  -1  -6 -17 -21 -13 -1
-29 -21 -15 -10 -33 -6 -18   1
-29 -32 -34 -35  0  0  2    -4
 -14  -7 -34 -35 -34 -34 -5 -3
 -12  -6  -8  -2  -1 -10
     -2  -6  0   1
```

**Pattern Deviation**

```
        -11  0  -7  -3
    -16  -7 -13 -15 -11 -3
 -20 -14  -1  -6 -16 -21 -13 -1
-29 -21 -14  -9 -32 -6 -18   1
-29 -32 -33 -34  0  0  2    -3
 -13  -6 -34 -34 -34 -33 -5 -3
 -12  -5  -8  -2  -1 -10
     -2  -5  1   1
```

GHT: Outside Normal Limits

VFI: 61%
MD24-2: -13.66 dB P < 0.5%
PSD24-2: 13.23 dB P < 0.5%

:: P < 5%
⚹ P < 2%
❋ P < 1%
■ P < 0.5%

Comments
7/7/2020 11:48 AM Patient had good fixation during the test.

**ZEISS**

© 2019 Carl Zeiss Meditec, Inc. All rights reserved.

HFA 3 860-17694/1.5.2.431      Version 1.5.2.431      Created: 7/7/2020 12:06:57 PM by Administrator      Page 1 of 1

*Exhibit 20A*

FEDERAL CORRECTIONAL INSTITUTION
BECKLEY
BEAVER, WV 25813

Michael S. oWl Feather - Gorbey
33405-013
Federal Correctional Institution Beckley
PO Box 350
Beaver. W.Va. 25813

PURPLE HEART    FOREVER USA

USA FOREVER    USA FOREVER    USA FOREVER

(legal-special mail)

(open only in presence of
Gorbey or the U.S. Court)

clerk of court
U.S. District court
IRS Complex
110 North Heber Street
Beckley. W.va. 25801

Case 5:21-cv-00209 Document 2 Filed 04/06/21 Page 32 of 32 PageID #: 44

DATE _____ 4-5-21 _____

THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAILING PROCEDURES FOR FORWARDING TO
YOU. THE LETTER HAS BEEN NEITHER OPENED NOR
INSPECTED. IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS JURIS-
DICTION, YOU MAY WISH TO RETURN THE MATERIAL
FOR FURTHER INFORMATION OR CLARIFICATION. IF
THE WRITER ENCLOSES CORRESPONDENCE FOR
FORWARDING TO ANOTHER ADDRESSEE, PLEASE
RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.